## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BOBBY E. HAZEL,

                Plaintiff,

    v.

HARLEY G. LAPPIN, *et al.*,

                Defendants.

Civil Action No. 08-1644 (HHK)

## MEMORANDUM OPINION

For the reasons discussed below, the Court will transfer this action to the United States

District Court for the Northern District of West Virginia.

### I.  BACKGROUND

Plaintiff, a federal prisoner, brings this action against four officials or employees of the

Federal Bureau of Prisons ("BOP") under *Bivens v. Six Unknown Named Agents of Fed. Bureau*

*of Narcotics*, 403 U.S. 388 (1971), alleging that their actions or failures to act violate rights

protected under the Eighth Amendment to the United States Constitution.  Plaintiff identifies the

defendants as Harley Lappin, the BOP's Director, Joe Driver, Warden of the Hazelton United

States Penitentiary in Bruceton Mills, West Virginia ("USP Hazelton"), Jeff Boyles,

Administrator of its infirmary, and Jorge S. Vazquez, a medical doctor there.  *See* Compl. ¶¶ 5-

7.  For purposes of this Memorandum Opinion, the Court presumes that plaintiff sues these

defendants in both their official and individual capacities.

Generally, plaintiff alleges that defendants failed to provide adequate treatment for his

1

medical ailments, which include hepatitis C and resulting damage to his liver, jaundice, gallstones, urinary tract infections, and pain, and failed to provide the diet prescribed by his doctors.  He demands compensatory and punitive damages.

## II.   DISCUSSION

### A.  Sovereign Immunity

Defendants move to dismiss on the ground that sovereign immunity bars plaintiff's claims against the BOP and against Lappin, Driver, Boyles and Vazquez in their official capacities.  *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or in the Alternative for Summ. J. ("Defs.' Mot.") at 5-6.

### 1.  Claims Against Lappin, Driver, Boyles and Vazquez in their Official Capacities

"Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Accordingly, the Court treats these claims as if they were brought against the federal government directly, and will dismiss Lappin, Driver, Boyles and Vazquez in their official capacities as parties to this action. *See, e.g., Price v. District of Columbia*, 545 F. Supp. 2d 89, 95 (D.D.C. 2008).

### 2.  Plaintiff's Claims Against the BOP

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  The United States has not waived its

sovereign immunity for constitutional tort claims. *See Fed. Deposit Ins. Corp. v. Meyer*, 510

U.S. 471, 477 (1994) (stating that sovereign immunity precludes claims for damages against the

United States government for constitutional violations brought under the Federal Tort Claims

Act). In addition, sovereign immunity extends to governmental agencies such as the BOP and to

their employees where the employees are sued in their official capacities. *See id.* at 483-86.

"Sovereign immunity is jurisdictional in nature," *id.* at 475, and absent a waiver of sovereign

immunity, the court lacks subject matter jurisdiction to entertain plaintiff's claims for money

damages against the BOP or against the federal government officials sued in their official

capacities here. *See id.*; *Clark v. Library of Congress*, 750 F.2d 89, 101-02 (D.C. Cir. 1984);

*Meyer v. Reno*, 911 F. Supp. 11, 18 (D.D.C. 1996).

### B. Personal Jurisdiction

Driver, Boyles, and Vazquez move to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of

personal jurisdiction.[1] *See* Defs.' Mot. at 6-10.

It is plaintiff's burden to make a *prima facie* showing that the Court has personal

jurisdiction over the defendants. *See First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375,

---

[1] Although this Court may exercise personal jurisdiction over Lappin, it is unlikely that any claim against him in his individual capacity could survive. It does not appear that Lappin was involved personally in any of the events alleged in the complaint, and he cannot be held liable on a theory of respondeat superior for any constitutional violation committed by other BOP officials or employees. *See, e.g., Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (concluding that a complaint naming the Attorney General and the BOP Director as defendants based on theory of *respondeat superior*, without allegations specifying their involvement in the case, does not state a *Bivens* claim against them); *Epps v. United States Attorney General*, 575 F. Supp. 2d 232, 239 (D.D.C. 2008) (citing *Marshall v. Reno*, 915 F. Supp. 426, 429-30 (D.D.C. 1996)) ("A superior official cannot be held liable under Section 1983 or *Bivens* for the constitutional torts of employees under him or her; the common law theory of respondeat superior does not pertain to the federal government in this context.")

1378-79 (D.C. Cir. 1988).  "Plaintiff must allege specific facts on which personal jurisdiction can

be based; [he] cannot rely on conclusory allegations."  *Moore v. Motz*, 437 F. Supp. 2d 88, 91

(D.D.C. 2006) (citations omitted).

"A District of Columbia court may exercise personal jurisdiction over a person domiciled

in . . . or maintaining his . . . principal place of business in, the District of Columbia as to any

claim for relief."  D.C. Code § 13-422.  Plaintiff does not allege that Driver, Boyles and Vazquez

reside within or maintain a principal place of business in the District of Columbia.

In this situation, the Court engages in a two-part inquiry to determine whether it may

exercise personal jurisdiction over these non-resident defendants.  First, the Court must

determine whether jurisdiction may be exercised under the District of Columbia's long-arm

statute.  *See GTE New Media Servs., Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir.

2000).  Second, the Court must determine whether the exercise of personal jurisdiction satisfies

due process requirements.  *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir.

1995)).  This portion of the analysis turns on whether a defendant's "minimum contacts" with the

District of Columbia establish that "the maintenance of the suit does not offend traditional

notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945) (internal quotation marks omitted).  These minimum contacts must arise from "some act

by which the defendant purposefully avails [himself] of the privilege of conducting activities

with the forum state, thus invoking the benefits and protections of its laws."  *Asahi Metal Indus.*

*Co., Ltd. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 109 (1988) (quoting *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  In other words, "the defendant's conduct and

connection with the forum State are such that he should reasonably anticipate being haled into

4

court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The District of Columbia long-arm statute allows a court in the District of Columbia to

exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from

the defendant's conduct in:

> (1)    transacting business in the District of Columbia;
> (2)    contracting to supply services in the District of Columbia;
> (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a).[2]

Plaintiff does not allege specific facts showing that Driver, Boyles or Vazquez transacts

any business or contracts to supply services in the District of Columbia. Although persistent

conduct undertaken in a person's individual capacity may constitute transacting business for

purposes of the long-arm statute, *see Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990), the

complaint sets forth no allegations that any of these defendants has a personal connection with

the District of Columbia other than his federal employment. The mere fact that these defendants

are employees of the BOP, which is headquartered in this district, does not render them subject to

suit in their individual capacities in the District of Columbia. *Pollack v. Meese*, 737 F. Supp. at

666 (concluding that the court had no basis for asserting personal jurisdiction over a BOP

Warden "whose office is in Springfield, Missouri" because he "surely does not transact any

---

[2]    The alternative bases set forth under the long-arm statute are inapplicable.

business in the District of Columbia"); *see Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002) (dismissing claims of a District of Columbia offender housed under contract in a Virginia facility against Virginia officials in their individual capacities over whom this district court lacked personal jurisdiction).

Plaintiff is no more successful in establishing that Boyles, Driver or Vazquez caused any tortious injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in West Virginia while he was incarcerated at USP Hazelton. Regardless of whether these defendants acted in or outside of the District of Columbia, plaintiff suffered no injury here. The complaint is devoid of factual allegations supporting the exercise of personal jurisdiction over these defendants based on their purposeful or repeated contacts with this forum, and there is no showing that they could reasonably anticipate being haled into court here. For these reasons, the Court concludes that it lacks personal jurisdiction over Driver, Boyles and Vazquez.

## C.  Venue

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(3) on the ground that venue is improper. *See* Defs.' Mot. at 10-11. "Courts in this jurisdiction must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, such as this case, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be

6

brought." 28 U.S.C. § 1391(b).  Venue is not proper in this district under any of the provisions

of 28 U.S.C. § 1391(b): defendants do not all reside in the District of Columbia, no substantial

part of the events giving rise to plaintiff's claim took place here, and this is not a case in which

no other district is available.

### D.  Transfer to the Northern District of West Virginia

In a case filed in a jurisdiction in which venue is improper, the Court, in the interest of

justice, may transfer the action to any other district where it could have been brought.  28 U.S.C.

§ 1406(a).  The decision to transfer an action on this ground is left to the discretion of the Court.

*See Novak-Canzeri v. Saud*, 864 F. Supp. 203, 207 (D.D.C. 1993).  The Court may transfer an

action even though it lacks personal jurisdiction over the defendants.  *Naartex Consulting Corp.

v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).  Transfer is

appropriate under Section 1406(a) "when procedural obstacles 'impede an expeditious and

orderly adjudication . . . on the merits.'"  *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir.

1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol*, 287

F. Supp. 2d 37, 45 (D.D.C. 2003) (stating that the "lack of venue should not bar resolution of the

plaintiff's claims on the merits," and transferring the case to the district where "venue would be

proper and the defendants would be subject to personal jurisdiction").  Such procedural obstacles

include "lack of personal jurisdiction, improper venue, and statute of limitation bars."  *Sinclair v.

Kleindienst*, 711 F.2d at 294.

In the interest of justice, the Court will transfer this action to the United States District

Court for the Northern District of West Virginia.  *See, e.g., Simpson v. Fed. Bureau of Prisons*,

496 F. Supp. 2d 187, 194 (D.D.C. 2007) (transferring a prisoner's civil action brought under

*Bivens* and the Federal Tort Claims Act to the district having "personal jurisdiction over the two defendants most involved in the underlying disciplinary proceedings and [where] venue" is proper); *Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (transferring a case involving challenge to a national BOP policy to the district where the "implementation of the national policy occurred").  It is in the District of West Virginia where the court may exercise personal jurisdiction over Driver, Boyles and Vazquez, where venue is proper, and where the events giving rise to plaintiff's claims occurred.

   An Order accompanies this Memorandum Opinion.


          HENRY H. KENNEDY, Jr.
          United States District Judge

DATE:  May 15, 2009